The opinion of the court was delivered by
Watkins, J.
The relator’s complaint is that in a certain civil suit instituted against him, in a justice court of the parish of Avoyelles, by Amanthe Ducoté, judgment went in favor of the plaintiff, from which he appealed to the respondent’s court, and therein said judgment was affirmed. That he prayed for a new trial without avail, and tendered an exception to the jurisdiction of the court ratione materias, which was overruled. That subsequently, at the suggestion of ■plaintiff’s and appellant’s counsel, the respondent judge amended the •decree rendered by him, notwithstanding she had filed no answer to ■the appeal, and had asked no modification of the judgment appealed :from.
*409 The grounds on which he asks relief at our hands, by way of ■certiorari, are formulated thus:
1. That the respondent, as judge of a court of appeal, was incompetent for want of jurisdiction ratione materise to try that cause, because the justice of the peace, as judge of the court of first instance, .had none, as the action was one to test the right of possession of real property.
2. That he did materially amend the judgment appealed from, notwithstanding the plaintiff neither appealed nor asked any amendment ■of the decree.
3. That he amended and materially enlarged the judgment first rendered by him, and several days after it had been signed and filed, .and a new trial had been refused. .
His prayer is that the record be sent up in order that we may pass upon the alleged illegalities in the proceedings and adjudge same to be absolutely null; and that he be required to proceed according to law.
The respondent returns, and the facts are that suit was brought in a justice court for the possession of a small strip of ground which the plaintiff had leased to the relator, and to compel him to remove therefrom the improvements he had placed thereon during his tenure; that the order granted by the justice was that the defendant show ■cause why he should not clear the obstructions from and vacate the premises; that the defendant appeared and filed an answer, in which he averred that he held and possessed the property under a lease, and prayed to be maintained in possession thereunder; that on these issues judgment was rendered in plaintiff’s favor, requiring the defendant to remove the obstructions complained of, but it failed to award possession to either party; that the defendant alone appealed, and the case was tried de novo on the same issues, by the respondent, and he affirmed the judgment appealed from; that subsequently his tention was called to the fact that the affirmed judgment did not decree possession to the plaintiff of the property leased, and to which she was in law entitled, and he amended the judgment in that respect; that the defendant and appellant made an application for a new trial, and it being overruled, he tendered an exception to the jurisdiction of the respondent’s court ratione materias, on the ground first above assigned. This exception was overruled on the ground that the proceeding under consideration was brought under the landlord and *410 tenant’s act, for the ejectment of a contumacious tenant, and that the magistrate, as a judge of a court of first instance, had apparent jurisdiction; and that as a cause on appeal from a magistrate’s court to a district court is triable therein de novo, the latter had jurisdiction, also.
Without discussing the question of jurisdiction, it will suffice to say, that we can discover no illegalities in the proceedings, remediable by certiorari. As an appellate court, that of respondent had and exercised just the same power as that of the justice of the peace. 41 An. 542. It matters not that the respondent was exercising appellate jurisdiction; it was the same jurisdiction that had been exercised by the court of first instance, only in a different way.
The writ of certiorari is expressly intended for the purpose of ascertaining if any illegalities exist in proceedings, whereby they may be rendered absolutely null and void. State ex rel. Geale vs. Recorder, 30 An. 450; State ex rel. DeBuys vs. Judge, 32 An. 1256.
On the trial of such cause on appeal, it was competent for the respondent to hear all the evidence anew, and to determine the issues anew, by rendering judgment affirming, reversing or amending the decree rendered by the justice of the peace. The respondent affirmed the judgment appealed from; but, upon suggestion subsequently made, that said decree did not award possession of the property to either party, he amended his decree, instanter, and decreed the plaintiff entitled to possession. It is of this amendment that relator makes serious complaint, but it is not well founded. The ordinary rules applicable to appeals returnable to this court are inapplicable to appeals from a magistrate’s court to the District Court; because the latter are triable “in the appellate courts de novo,” and it is “sufficient for the party desiring to take an appeal to declare verbally such intention.” O. P. 1129.
“The parties are at liberty to produce the same witnesses who were examined below, and the court may hear any new testimony.” O. P. 1136.
The law does not seem to contemplate the filing of an answer by an appellee in such case. For it is provided by C. P. 1134, that the justice of the peace “shall issue citation to the appellee, directing him to appear before the appellate court,” simply. Hence, his failure to answer the appeal, or to request an amendment of the judgment, is of no importance; and the respondent was authorized to *411 amend the judgment, inlike manner as he could have been, to amend a decree rendered by him, in a suit tried by him originally.
There is no illegality in the proceedings.
It is therefore ordered and decreed that' the restraining order herein granted be set aside and that the relief prayed for be refused at relator’s cost.